22-2005. Mr. Wasserman whenever you're ready. Good morning may it please this honorable court and all those in attendance. I'm attorney Lou Wasserman. I'm here for Jaylin Bertram. With the court's permission I'd like to begin by requesting a clarification because of the recent flurry of activity after all briefing and oral argument was set. On the 24th of July court issued an order ordering the U.S. to supplement the record on appeal with the DVR footage recovered from appellant Jaylin Bertram's home. Based upon everything that I'm sure this court read that seemed like a very relatively easily completed which is why this court said do it by July 31st. Then the very same day the government in what I'm going to call just me maybe a the dog ate my homework response the government says well it's not a DVR it was mentioned at the change of plea sentencing hearing but it's on an external hard drive and by the way there's two terabytes of information to go through because Bertram had multiple surveillance cameras. Oh and the assistant U.S. attorney he's out of the office for the week I have the hard drive but I can't access it because it's encrypted and I don't have the password so we need more time. This court gave them more time. So the first question I have if you don't mind is what are we going to do when that video footage comes in? Do I on behalf of Mr. Bertram have an opportunity to look at it and respond and file something depending upon what if anything the government in my briefs I contacted trial counsel this is by way of offer proof and so what are we talking about here with regard to videos and she sent me a link to a single 32 megabyte two minute and one second snapchat video and you can clearly tell it's a snapchat video because there's two windows and it says so showing at one point Mr. Bertram sitting on a couch with what appears to be a weapon on the couch next to him. That's it. That's all that I was supplied with. Now I learned from the U.S. attorney we all learn there's two terabytes worth of material that they have to go through. That's nice but what I want to be able to respond to with this court's permission is how much of that if any was turned over to defense counsel how much of that if any other than the one two minute segment that she supplied me with did she show to Mr. Bertram have him go through it and say oh yeah that's what I did I'll plead to that. The problem is you can't tell any of that based on this record and that's why in my view the fault the ultimate fault lies with the colloquy the lack of colloquy if you will with a district court judge. All the court had to do was Mr. Bertram you understand the difference between carrying and possessing and brandishing. And that's all the defense counsel would have had to raise right? Well in the first instance yes but in the plea colloquy becomes the responsibility of the district court judge. Of course but we're in plain error territory here correct? Yes this is not a motion to withdraw a plea that's correct. And none of none of these problems were raised in the district court? No none of them no that's true okay. Do you agree that under Greer the entire record is available to determine whether there's a for that question your honor. That brings us to document 128 the government's factual basis where on the page 2 it recites the statutory language the defendant knowingly carried a firearm but then in the factual basis as the government has conceded it did it says possessing. Yes yes and that's the problem in the case the question I asked is doesn't Greer let us look at the entire record yes evaluating whether this is something that requires reversal under the plain error standard. Well this court is now yes it does but this court has now decided to give the government the opportunity to supplement the record I'm really asking for that same privilege. I'm confident you would have it. Thank you. All right nonetheless all the district court had to do in my view Mr. Bertram do you understand the difference between these three terms now this is this is an easily correctable mistake it could have been corrected by the district judge by the prosecutor or by defense counsel right. Correct. Okay so the question though is where's the prejudice where's the the harm to your client in this case. I would say this is calling out for for a reversal on an issue that was never raised in the district court. Because carrying and one of which was imposed here for carrying a firearm in furtherance of this conspiracy if he's not carrying then the worst-case scenario is you have another group to counter possessing the firearms. Wait wait I don't understand that they're both 924 C charges possessing a firearm in furtherance of a drug trafficking offense carries a five-year mandatory minimum stacked on top of the other count just like carrying does it's just a different it's the same crime. That's I think a different way of looking at it. But that's just the statute I mean what Judge Kirsch is talking about is the language of the statute which takes you back to Judge Hamilton's question about prejudice because if people were talking about possession instead of carrying and yet they're and yet it's plain that he carried I mean it would have taken one second to correct that at the district court and and if the sentencing consequences are no different is there prejudice is this the kind of thing looking at element four of the plain error standard that the reputation and integrity and so forth of the judiciary depends on. I have a different view of I'm sorry but I but I do in my view of this comes down to what did Mr. Bertram knowingly involuntarily plead to. Now are we going to rewrite that and say it doesn't make any difference because the penalties aren't any different I think the penalties are potentially different and maybe I can go back and look at the guidelines and demonstrate how they'd be different maybe they'd be different statutorily but there's certainly going to be different in boots on the ground on the day of sentencing in this unusual from my perspective unified proceeding of both a plea and a sentencing where terms are conflated where arguments are made that have no basis in what actually happened in Mr. Bertram's apartment it the government's factual basis was inaccurate the district courts colloquially was inadequate. The defense counsel made if you will the same clear error to put it at that level that the other parties made and that is kid just say yes ma'am which is all that he ever said other than his name and so I think if we're talking about the integrity of the process I am concerned you might even ask why was there no plea agreement in this case does that matter that certainly matters because that allows the US attorney to make any argument that they want to make at the time of sentencing so why wasn't there a plea agreement just a court judge who didn't ask that as well maybe they know the district judge just you would be on pretty thin ice asking why there's not a plea agreement intruding herself or himself into potential negotiations that's the camp that's a minefield well I in federal court I understand and it didn't happen and although it might be thin ice it didn't add to the integrity of the process for the court to go through this entire process with facts that in my view are inaccurate and a defendant who never really indicated he understood the difference in the terminology and that really is in my view what should we do if we see on the DVR the defendant packaging drugs with a gun on its hip that'll be new I'm not going to comment on that till I see it too because that isn't on the one video segment that was sent to me by defense which by the way I'll be happy I guess I'm done unless they just answer that question I'd be happy to supplement it with the one video that I have as well with courts permission all right Thank You mr. Watts mr. Wasserman mr. Rice do you have anything I like to add here I feel like may please the court Brian writes for the United States I feel like I'm obliged to approach the subject of the DVR surveillance videos quickly we have downloaded them from the external hard drive on the computer we talked to the clerk's clerk's office we plan to send the whole external hard drive to the court hopefully overnight at either today or tomorrow I guess we are outside of the record land but mr. Bertram actually proffered and watched DVR surveillance videos with his attorney and agreed that it was him and that those were drugs and guns so the ID was presented to the court though what's what's in the actual record for Judge Pratt the the PSRs explanation yes we actually introduced this material correct there was no reason to introduce the material because again mr. Bertram pleaded guilty and this information about the DVR was in the PSR and it was mentioned at the guilty plea in the sentencing hearing it sort of defies credulity that a defense attorney would have had this compelling incriminating evidence mentioned by the government and not object to it if it was an unknown unheard of piece of evidence I think that's why he pleaded guilty well we're in a land where there was a lot of mistakes made I think one well by several people however yes we agree that we said the wrong word said the wrong word it's the wrong crime and so we kind of start from the premise that improbable things can have happened in this case so do you have you seen the DVD not all of it because it's days of footage but I've seen enough of the video to tell you it it is what we are surveillance footage give me the highlight if you would it so this is new to me but mr. Bertram had surveillance videos not only outside but inside his house so we have a video of his living room with him packaging drugs with mr. gross and he is holding a gun sometimes they're holding guns and dancing for lack of a better term I any attorney that would have seen this would have encouraged their client to plead guilty and that's what happened here and I'm confident when the court receives the hard drive it'll be apparent so the trouble is you know we've even had cases where you know there's a the indictment says as it does here maybe that he carried a firearm but the proof winds up showing something else and you know the indictment clause of the Constitution requires a congruence between what somebody's convicted of and what the indictment says and what they know they're pleading to so you know it's a little troublesome to say oh well you know we can just look at the record a new and figure out which crimes it both are 920 C's 24 C's your honor and I think the amended after Bailey I mean we followed this for decades but this course precedents allow and and the rules I might add allow the judge to look at the entire record and the entire record shows that mr. Bertram carried a firearm and not just that's why I asked you what was really in the record because you know if these surveillance videos are in the record they're not but the PSR established that he carried the packaging the drug and then walked outside plus we have the the firearms that we found one had his fingerprint on it for we're in a vehicle that was his brother so presumably he was using it and we know from Supreme Court precedent carrying a firearm or traveling transporting a firearm in a vehicle is carrying so we have evidence besides just the surveillance videos that again I agree are outside the record but the parties had seen them that's why they're in the PSR and you're saying the PSR it makes this assertion that he carries the yes and the assertion was also in the factual basis I mean the factual basis and what was discussed at the joint hearing would support carrying even though yes again the a USA said possess and we heard an admission today that the discourse precedents allow a look at the entire record so the entire record does include evidence of his carrying of course this is not a trial so we don't have the videos as exhibits it's a guilty plea and there's less need to put in this external hard drive of terabytes of data do you think we should look at the video I think it's difficult because certainly it's helpful for us but and I think it's clear in this video but but I think judges or an appellate court looking at a video without an explanation from from an agent is is a difficult position I know I watch these sorry I watch these videos and I had someone explaining to me like this is what this is now some of its obvious but there's videos of mr. Bertram walking into his house and there's something on his hip pocket and I was explained that that is a magazine because an agent who's an expert in firearms said that's what it was I wouldn't have known that and I I mean your honors may be better positioned than I am to know that but I so I think it even if it's simpler here I think it is dangerous territory I'm wondering if we might not be better off just sticking with the PSR but I think this court's precedents and the PSR and what happened to the rule 11 colic we are fully sufficient for this court to affirm and I did want to mention one other thing with the court's permission the the reply brief I think hints at a knowing involuntariness claim we would say that's way because it wasn't raised in the opening brief but to the extent there was any confusion I would point the court to United States versus Harvey which is 484 f-3rd 453 which deals with another conflation of 924 C terminologies and the court said the phrases using the two parts of the statute are close enough that the meat that meaning of them the defendant knew the essence of the charges he was facing so I think that ends any knowing involuntariness claim there are no further questions the government would request the court affirm on thank you mr. Wasserman you ran out of time but I'll give you a minute for rebuttal if you have anything you'd like to add here thank you very much rely on the PSR by way of offer proof and I'll be happy to supplement the be happy to supply that email was there any objection to the representations made in the PSR at sentencing no is that isn't that a big problem for your client because that happens all the time I mean in child pornography cases for instance we certainly don't want the government's submitting these images to the district judge to look at to determine whether or not it's actual child pornography the pre-sentence report summarizes it when the defendant agrees the judge accepts it as facts and in fact the judge at sentencing says I accept the facts that are objected to in the pre-sentence for and those are my findings of fact that's it except the PSR in this case is nothing more than a re-recital of the government's factual basis it is in most cases unless the defendant objects and says no that's wrong then the government has put to their burden of proof but when the defendant says I have no objection that's it usually it's just a least in the eastern district of Wisconsin we do it that way one last comment if you don't mind with regard to counsel over here I wouldn't have recommended that he plead thank you well mr. Wasserman thank you for taking this case you were court-appointed in this case I believe well you thank you you're very welcome and thank you for taking on this case okay our next case is you